I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4·22·13

DEPUTY CLERK



"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

APR 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KEVIN TYROME PERRY,

    Petitioner,

vs.

DOMINGO URIBE (Warden),

    Respondent.

Case No. SACV 13-0593-RGK (RNB)

ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

    Petitioner is a California state prisoner currently incarcerated at a prison facility in Avenal, California.

    On or about March 26, 2011, petitioner constructively filed a <u>pro</u> <u>per</u> Petition for Writ of Habeas Corpus by a Person in State Custody in Case No. SACV 11-0692-RGK (RNB) [hereinafter the "Prior Action"]. The Petition in the Prior Action purported to be directed to a residential burglary conviction sustained by petitioner in Orange County Superior Court Case No. 98WF2193 in 2002, and purported to allege two grounds for relief: (1) Petitioner's current sentence was illegally enhanced by two constitutionally invalid prior "strike" convictions from 1995[1]; and (2)

---

[1] The basis for this claim was petitioner's contention that his waiver of counsel before the start of his 1995 trial was not knowingly and voluntarily made.
(continued...)

1

Petitioner suffered ineffective assistance of counsel, when the attorneys who had represented him in 2001-2002 in Case No. 98WF2193 prior to his waiver of counsel failed to adequately investigate his 1995 strike convictions and discover their invalidity.

On December 15, 2011, Judgment was entered in the Prior Action dismissing the petition with prejudice, based on the Magistrate Judge's finding and conclusion that the petition was time barred. Concurrently, this Court issued an order denying a certificate of appealability. Petitioner subsequently filed a timely Notice of Appeal from that Judgment, but his request for a certificate of appealability was denied by the Ninth Circuit on December 20, 2012.[2]

On August 14, 2012, petitioner filed another Petition for Writ of Habeas Corpus directed to his 2002 Orange County Superior Court judgment of conviction. That Petition, which was assigned Case No. SACV 12-1312-RGK (RNB) was summarily dismissed by this Court pursuant to 28 U.S.C. § 2244(b) as a second or successive petition on August 27, 2012. Concurrently, the Court issued an order denying a certificate of appealability.

Petitioner did not file a notice of appeal from the judgment of dismissal in Case No. SACV 12-1312-RGK (RNB). Apparently though, he did attempt to file in the Ninth Circuit a "Motion for Order to District Court to Review Second Petition." However, instead of processing petitioner's motion as a motion for leave to file a

---

[1](...continued)
(See Pet. at ¶ 7.a; Pet. Mem. at 7-8, 11-15.)

[2] While his request for a certificate of appealability was pending before the Ninth Circuit, petitioner filed a motion for reconsideration, which the Court (a) construed as a timely filed motion to alter or amend a judgment made pursuant to Fed. R. Civ. P. 59(e), and (b) summarily denied on January 10, 2012. Petitioner then refiled the same document on February 17, 2012, except this time he captioned it as a "Motion under FRCP Rule 60." On March 2, 2012, the Court denied petitioner's Rule 60(b) Motion.

second or successive petition, the Ninth Circuit forwarded petitioner's motion and his accompanying Petition for Writ of Habeas Corpus to the District Court. The Petition was processed as a new Petition for Writ of Habeas Corpus and filed herein on April 12, 2013.

28 U.S.C. § 2244(b) provides, in pertinent part, as follows:

> *(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
>> *(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
>>
>> *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
>>
>> *(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.*
>
> *(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

//
//

The instant Petition constitutes a second and/or successive petition challenging the same judgment of conviction as the Prior Action, within the meaning of 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Since the only claims raised in the Petition are the same two claims that petitioner previously raised in his Petition in the Prior Action, § 2244(b)(1) compels dismissal of those claims.

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: APR 1 8 2013

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge